# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **RONALD WRIGHT & JEREMY SMITH,** *individually and on behalf of all others similarly situated,* | ) ) ) ) |
| **Plaintiffs,** | ) Case No. 19-CV-926 ) ) |
| v. | ) **JURY TRIAL** ) **DEMANDED** |
| **OASIS LEGAL FINANCE OPERATING COMPANY, LLC,** d/b/a **OASIS FINANCIAL,** | ) ) ) ) |
| **Defendant.** | ) ) |

## CLASS ACTION COMPLAINT

Plaintiffs Ronald Wright and Jeremy Smith, individually and on behalf of all others similarly situated, hereby file this, their Class Action Complaint, against Defendant Oasis Legal Finance Operating Company, LLC a/k/a Oasis Financial.

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ronald Wright is a citizen and resident of Jefferson County, Missouri.

2. Plaintiff Jeremy Smith also is a citizen and resident of Jefferson County, Missouri.

3. Plaintiffs bring this Class Action Complaint individually and on behalf of a putative class of all Missouri residents.

4. Defendant Oasis Legal Finance Operating Company, LLC d/b/a Oasis Financial ("Oasis") is a foreign limited liability company authorized to conduct business in the State of Missouri. Oasis may be served via its Missouri-based registered agent: National Registered Agents, Inc., 120 South Central Ave., Clayton, MO 63105.

5. This court has jurisdiction over this asserted class action pursuant to 28 U.S.C. §1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs; and

any member of the class of plaintiffs is a citizen of a State different from Defendant. The Court's jurisdiction includes the ancillary or pendent state-law claims. 28 U.S.C. § 1367.

6. Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims in this action occurred in this district.

7. This forum also is superior in convenience to any other, as all of the Plaintiffs are or were Missouri citizens and are located in Missouri, the underlying contract this lawsuit arises from requires the application of Missouri law, and most of the relevant documents and witnesses involved in the transactions were and, upon information and belief, remain in Missouri and/or (in the case of documents) can be relatively easily copied and transmitted to this district.

8. Any choice-of-venue or forum-selection language impugning venue in this district is, *inter alia,* unconscionable as a matter of law and against public policy for the reasons described below and, hence, inapplicable and unenforceable.

9. This asserted class action comports with Federal Rule of Civil Procedure 23. Plaintiffs' identities can be ascertained from Defendant's records, but are so numerous that simple joinder of all individuals is impracticable. This action raises questions of law and fact common among Plaintiffs. The claims of lead Plaintiffs Wright and Smith are typical of Plaintiffs' claims. Named Plaintiffs will fairly and adequately protect all Plaintiffs' interests, and are represented by attorneys qualified to pursue this action. More specifically:

10. Class definition: Smith and Wright bring this action on behalf of themselves and a class of similarly-situated persons defined as follows: All individuals who are citizens and residents of Missouri who received monetary loans, advances, or similar funding from Defendant Oasis to be repaid at a later date along with interest and loan fees pursuant to Oasis' "Loan Agreement and Promissory Note" ("LAPN")(shown in **Exhibit A, Exhibit B** & **Exhibit C**), or any document materially conforming

to the LAPN, at any time during the Class Period. The Class Period begins five years prior to the date of the filing of this Complaint, and ceases upon the date of the filing of this Complaint. Excluded from the Class are: (a) any judges presiding over this action and members of their staffs and families; (b) the Defendants and its subsidiaries, parents, successors, and predecessors; any entity in which the Defendants or its parents have a controlling interest; and the Defendants' current or former officers and directors; (c) employees (i) who have or had a managerial responsibility on behalf of the organization, (ii) whose act or omission in connection with this matter may be imputed to the organization for liability purposes, or (iii) whose statements may constitute an admission on the part of the Defendants; (d) persons who properly execute and file a timely request for exclusion from the class; (e) the attorneys working on the Plaintiffs' claims; (f) the legal representatives, successors, or assigns of any such excluded persons; and (g) any individual who assisted or supported the wrongful acts delineated herein.

11.  <u>Numerosity</u>:  Upon information and belief, the Class includes thousands, if not tens of thousands, of individuals and/or entities on a statewide basis, making their individual joinder impracticable. Although the exact number of Class members and their addresses are presently unknown to Plaintiff, they are readily ascertainable from Defendant's records.

12.  <u>Typicality</u>: Wright's and Smith's claims are typical of those of the Class because all Plaintiffs were injured by the Defendant's uniform wrongful conduct, specifically, using the illegal LAPN and its unconscionable terms to make loans or advances of funds to litigants to be repaid at a future date with interest, calculated at an unlawfully high rate.

13.  <u>Adequacy</u>:  Wright and Smith are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent and experienced counsel, and they intend to prosecute this action vigorously. The interests of the Class will be protected fairly and adequately by Wright, Smith and their counsel.

14.  <u>Commonality</u>:  Common questions of law and fact exist as to all Class members and

predominate over any questions affecting only individual members, such as: (a) whether the LAPN was procedurally unconscionable; (b) whether the LAPN was substantively unconscionable; (c) whether the LAPN's procedural and/or substantive unconscionability renders the LAPN invalid *ab initio*; (d) whether the LAPN employs an unconscionable and unlawfully high interest rate such that its use is usurious conduct in violation of R.S.Mo. § 408.030; and (e) whether and to what extent the Class members were injured by Defendant's use of the invalid and illegal LAPN.

15. <u>Superiority</u>: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's wrongful conduct. Thus, it would be extremely difficult for the individual Class members to obtain effective relief. A class action presents far fewer management difficulties and provides the benefits of a single adjudication, including economies of time, effort, and expense, and uniformity of decisions.

## II. BACKGROUND

*Facts Particular to Wright, Smith and Representative of Class Facts*

16. Plaintiff Ronald Wright was injured in an accident in 2016. As a result of the accident, Plaintiff Wright retained an attorney.

17. As a result of the injuries he sustained from the accident, Plaintiff Wright encountered difficulties paying his debts and began communications with Defendant Oasis.

18. On or about December 14, 2016, Plaintiff Wright signed a "Loan Agreement and Promissory Note ("LAPN") with Defendant Oasis. **Exhibit A**.

19. Pursuant to the LAPN, Defendant Oasis provided a loan to Wright in the principal amount of $1,100.00. *See,* <u>Exhibit A</u>.

20. Plaintiff Jeremy Smith was injured as a result of an accident in 2015. As a result of the

accident, Plaintiff Smith retained an attorney.

21. As a result of the injuries he sustained from his accident, Plaintiff Smith encountered difficulties paying his debts and began communications with Defendant Oasis.

22. On or about May 20, 2016, Plaintiff Smith signed an LAPN materially identical to Wright's LAPN with Defendant Oasis. **Exhibit B**.

23. On or about July 1, 2016, Plaintiff Smith signed another materially identical LAPN with Defendant Oasis. **Exhibit C**.

24. Pursuant to the LAPN, Defendant Oasis provided loans to Plaintiff Smith in the principal amounts of $2,100.00 and $1,075.00, respectively. *See,* Exhibits B & C.

25. Although not stated directly in the copies of the LAPN or any of the documents provided to Plaintiff Smith, and although misrepresented in the LAPN given to Wright, the *actual* annual percentage rate ("APR") for each of the loans to Plaintiffs was in excess of 100%.

26. An actual APR in excess of 100% is unconscionable, unfair and otherwise illegal.

27. Similarly, the LAPN's statement of the APR, which was misleading and/or absent, also is unconscionable, unfair and illegal.

28. In addition to the excessive actual APR and the misleading and/or absent stated APR, the LAPN contains numerous other procedurally and substantively unconscionable provisions that, by themselves and especially collectively, render the LAPN invalid *ab initio* under Missouri law.

29. Included in the numerous unconscionable provisions of the LAPN is an unconscionable and unenforceable "Forum Selection" Clause, as well as an unconscionable and unenforceable "Waiver of Jury and Class Action" Clause; both Clauses are unconscionable, void as against public policy, and fully unenforceable for numerous additional reasons.

30. Upon information and belief, Defendant Oasis has issued thousands or tens of thousands of loans or advances to Missouri residents pursuant to the LAPN or a document materially conforming

to the LAPN.

31. Neither Defendant Oasis, nor anyone on its behalf, has ever held a license issued by the State of Missouri to make such loans or advances.

32. In making such loans or advances of funds to litigants to be repaid at a future date with interest, calculated at an unlawfully high rate, and pursuant to the unconscionable and illegal LAPN, Defendant Oasis has systematically and repeatedly violated Missouri law.

33. As a result of Defendant Oasis' acts and/or omissions, each member of the proposed class is owed a monetary penalty equal the amount each class member actually paid to Defendant Oasis minus the amount Oasis originally loaned and/or advanced to each class member.

34. Moreover, due to Defendant's violation of Missouri Usury laws, each Plaintiff is entitled to recover twice any amount paid to Defendant.

## IV. CLAIMS

### COUNT ONE: PER SE VIOLATION OF THE MMPA

35. The Defendant violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA"), by systematically using the "LAPN," a document employing an unconscionably high interest rate for Oasis customers along with other unconscionable provisions.

36. In other words, the unlawfully high interest rate, along with multiple other provisions in the LAPN, was unconscionable under Missouri law.

37. The employment of an unconscionable term(s), in connection with a transaction with Plaintiffs, is an "unfair" practice, and a per se violation of the MMPA. *See,* 15 Mo. C.S.R § 60–8.080(1) (2011) ("It is an unfair practice for any person in connection with the sale of merchandise[1] [to … use any unconscionable contract or contract term.").

---

[1] "Merchandise" includes services such as loaning money, *see* 15 Mo. C.S.R § 60–8.080 n. (associating this regulation with Mo. Rev. Stat. chap. 407); Mo. Rev. Stat. § 407.010(4).

6

38. Thus, the Defendant committed multiple *per se* violations of the MMPA by using the LAPN – which contained multiple unconscionable provisions – in connection with the transactions with Plaintiffs, in direct contravention of 15 Mo. C.S.R. § 60–8.080, pursuant to which unconscionability entails a per se "unfair" practice which is ergo a violation of MMPA, particularly Mo. Rev. Stat. § 407.020.1, inasmuch as 15 Mo. C.S.R. § 60–8.080 draws its authority from, and was promulgated to enforce, the MMPA.

39. Pursuant to Defendant's numerous violations of the MMPA, Plaintiffs were damaged.

40. Pursuant to Defendant's numerous violations of the MMPA, Plaintiffs may recover attorneys' fees, double actual damages, and punitive damages.

**COUNT TWO:   UNJUST ENRICHMENT**

41. For the reasons set forth *supra,* the LAPN contained numerous procedural and substantively unconscionable provisions.

42. Procedural and/or substantive unconscionability in a contract, pursuant to Missouri law, renders such contract void and invalid *ab initio.*

43. Consequently, if the LAPN was a void and invalid document, Defendant has been unjustly enriched in an amount equal to the total sum each Plaintiff paid to Defendant minus the total amount originally loaned and/or advanced to each Plaintiff.

44. By collecting and retaining such amounts, Defendant has been unjustly enriched.

45. Pursuant to Defendant's unjust enrichment, Plaintiffs were damaged.

**COUNT THREE:   USURY**

46. Missouri law, specifically R.S.Mo. § 408.030, prohibits interest in excess of 10% per annum as usurious.

47. Pursuant to the LAPN, Defendant Oasis used an effective interest rate well in excess of 10%.

48. Accordingly, Defendant has violated Missouri law and engaged in usurious conduct towards Plaintiffs and the class for which Defendant is liable for two times the amount of interest actually paid by each Plaintiff.

49. Pursuant to Defendant's usurious conduct, Plaintiffs were damaged, and are entitled to recover double damages, attorneys' fees, and cost of suit.

### COUNT FOUR:   CONSTRUCTIVE TRUST

50. Given Plaintiffs' right to the amount wrongfully and unjustly acquired and detained by Defendant, Plaintiffs demand a constructive trust to secure and restore Plaintiffs' money.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order certifying this action as a class action and appointing Wright and Smith as class representatives and their counsel as class counsel.  Plaintiffs request that this court declare that the LAPN, to the extent unconscionable, is invalid *ab initio*; find that the Defendant violated the MMPA, R.S.Mo. § 408.030, and was unjustly enriched, and award Plaintiffs double damages pursuant to R.S.Mo. § 408.050, attorneys' fees, punitive damages, costs, and such further relief as the Court deems just.

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*