UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD WRIGHT, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19 CV 926 RWS |
| ) | |
| OASIS LEGAL FINANCE, LLC, ) | |
| d/b/a/ OASIS FINANCIAL, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case concerns the financial lending practices of Defendant Oasis Legal Finance, LLC. Plaintiffs Ronald Wright and Jeremy Smith ("Wright")[1] filed this case as a proposed class action lawsuit. Wright alleges in his amended complaint that Oasis loan agreements are void and invalid contracts. Oasis filed a motion to dismiss based on the merits as well as based on the agreements' forum selection clauses. Because Wright fails to state a claim for relief in the amended complaint I will grant Oasis' motion to dismiss.

*Background*

The loans at issue in this case are short term loans made for the purpose of providing cash to a borrower who has filed a personal injury lawsuit. The borrower anticipates that the loan will be re-payed with funds received from a judgment or settlement of the lawsuit. However, the loan must be repaid

---

[1] I will refer to "Wright" as the combined name for both named plaintiffs in this matter.

regardless of whether the borrower prevails in the lawsuit. The borrower promises to pay back the loan from the first proceeds otherwise payable to the borrower until the loan is paid in full.[2]

The loan agreements and promissory notes are executed by the borrower and have a fixed maturity date. The three loan agreements submitted in support of the amended complaint all have a two-year maturity date and an annual interest rate of 72%.[3] The loan agreements clearly state on the first page the amount of the loan, the amount of finance charge and the amount of the total payment when the loan is paid-off in one payment at the maturity date. Doc. # 4, Ex. A at 1. The loan agreements also contain a provision that the borrower fully understands the terms and conditions of the agreement and has had the opportunity to read the agreement and to consult with an attorney before entering into the agreement. Id. at 3 ¶ 3.5. The borrower also confirms that lender recommends he should engage counsel regarding the loan agreement and that the borrower is represented by counsel or has had the opportunity to obtain such representation. Id. at 8 ¶ 9.16.

The loan agreements also contain a governing law and forum selection clause which mandates that Missouri law governs the construction and enforcement of the agreement. The clause mandates that the parties "irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit

---

[2] Attorney fees, litigation costs, and presumably medical liens will be paid before any proceeds go to the borrower.
[3] Plaintiff Wright had one loan, Plaintiff Smith had two loans.

Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Agreement." Id. at 7 ¶ 9.9.

As a condition precedent to obtaining the loan, the borrower must execute and return to Oasis another document entitled "Irrevocable Letter of Direction to Borrower's Attorney." Id. at 2 ¶ 2.3. In that document the borrower acknowledges that he read the loan the agreement and fully understands his obligations under the agreement. The Irrevocable Letter of Direction must also be signed by borrower's attorney in the personal injury action. By signing the document the borrower's attorney acknowledges and agrees to comply with borrower's promise to repay the loan from the proceeds of any settlement in the lawsuit before any proceeds are disbursed to the borrower. Doc. # 18, Ex. 2.

Plaintiff Wright brings this action as a proposed class action suit. In the first amended compliant he alleges that the agreements with Oasis are invalid because the loan interest rate is unconscionable, unfair and otherwise illegal. The amended complaint asserts four grounds for relief: Count I - A per se violation of the Missouri Merchandizing Practices Act; Count II – Unjust Enrichment; Count III – Usury; Count IV – Constructive Trust. Oasis has moved to dismiss all claims for a failure to state a claim, and alternatively, for failing to file the case in the proper forum. Wright opposes both grounds for dismissal.

***Legal Standard***

When ruling on a motion to dismiss, I must accept as true all factual

allegations in the complaint and view them in light most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level. Id. at 555.

*Discussion*

In its motion to dismiss Oasis first argues that Wright's claims should be dismissed on the merits. As an alternative, Oasis argues that the loan agreement's forum selection clause should be enforced and this case should be dismissed to allow Wright to refile his claim in the Circuit Court of Cook County, Illinois. In the interest of justice, and the fact that both parties have fully briefed the motion to dismiss on the merits, I will rule upon the motion to dismiss.

*Counts I and III*

Wright claims in Count I that Oasis violated the Missouri Merchandising Practices Act ("MMPA"), section 407.020 R.S.Mo., by systematically using the loan agreements at issue which contain "an unconscionably high interest rate … with other unconscionable provisions." In Count III Wright claims that the loan agreements violate Missouri's usury law under section 408.030 R.S.Mo. which

4

prohibits interest in excess of 10% per annum.

In its argument on the merits, Oasis asserts that Wright's claim under the MMPA fails because Oasis' loans are not subject to the MMPA's provisions. The MMPA exempts from its coverage:

> **[a]ny institution, company, or entity that is subject to chartering, licensing, or regulation by** the director of the department of commerce and insurance …, the director of the division of credit unions …, or the **director of the division of finance** …

section 407.020.2(2) (emphasis added).

Oasis is a consumer credit loan company undisputedly subject to licensing and regulation by the Missouri Division of Finance. See Doc. # 18, Ex. 1. Oasis' loan agreements are clearly exempt from the provisions of the MMPA. See Reitz v. Nationstar Mortg., LLC, 954 F. Supp. 2d 870, 893 (E.D. Mo. 2013) (defendant mortgage company licensed by the Missouri Division of Finance is exempt from claims under the MMPA). In his opposition brief Wright concedes that his claim under the MMPA should be dismissed. As a result, I will grant Oasis' motion to dismiss this claim.

Similarly, Oasis argues Wright's claim for usury under section 408.030 R.S.Mo. should be dismissed because that statute does not apply to Oasis' loans. Section 408.030 limits an annual interest rate to 10% on "money due or to become due on any contract." Wright's annual interest rate is 72%. However, section 408.100 R.S.Mo. exempts loans from the 10% cap which are "permitted by other

laws of this state …". Oasis is licensed by the Division of Finance as a lender of consumer credit loans under Chapter 376 R.S.Mo. The loans Oasis makes are permitted "by other laws of the state" under Chapter 376. As a result, the interest limitation in section 408.030 does not apply to Oasis' loans.

Moreover, even if the usury statute applied to Oasis under Chapter 408, section 408.100 provides that under this section the interest rate on an unpaid principle balance can be "any rate agreed to by the parties." This provision applies to Oasis as a lender of consumer credit loans under section 367.100(1)(b) and (3). See Ponca Finance v. Esser, 132 S.W.3d 930, 932 (Mo. Ct. App. 2004). In Esser a consumer credit lender obtained a default judgment against a borrower. The circuit court entered a judgment for the lender but only awarded judgment interest on the loan at the rate of 9% rather than at the loan agreement's rate of 125.96%. The lender appealed that ruling. The court of appeals "appreciated the circuit court's effort to reach a fair result in this case" but reversed the circuit court's judgment because the parties agreed to an interest rate of 125.96%. That rate should have been applied in the judgment because section 408.100 permitted that interest rate. Id. The appeals court noted that the Missouri legislature "has decided not to put a limit on the interest rates for small loans." Id. In the loan agreements at issue, Oasis and Wright agreed to an annual interest rate of 72%. Because this rate does not violate Missouri's usury law, I cannot and will not substitute my judgment for that of the Missouri legislature. As a result, I will grant Oasis' motion to dismiss

Count III.

### Counts II and IV

In Count II Wright asserts a claim for unjust enrichment. Count IV seeks the imposition of a constructive trust to hold the alleged illegal proceeds from Oasis' violation of Counts I, II, and III.

Wright's claim for unjust enrichment is based in part on his assertion that the interest rate of the loan agreements is illegal. He also alleges that it is based on "other unconscionable provisions." Doc. #4, ¶ 35. Wright argues that the provisions of the agreements are so unconscionable that the agreements should be voided and that the class members should recover any money paid to Oasis in excess of the original loan amount. In addition, Wright seeks statutory penalties.

"To establish the elements of an unjust enrichment claim, the plaintiff must prove that (1) he conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." Howard v. Turnbull, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010). "In addition, there can be no unjust enrichment if the parties receive what they intended to obtain." Id. (internal quotation and citation omitted). Under Missouri law, "if a plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract." Affordable Communities of Missouri v. Fed. Nat. Mortg. Ass'n, 714

F.3d 1069, 1077 (8th Cir. 2013) ) (citing Howard).  In the present case Wright received exactly what he intended to obtain, a loan of sum certain.  He entered an express contract which he seeks now to avoid.  To the extent Wright seeks to construe the loan agreement in his favor he cannot bring a claim for unjust enrichment.

In an attempt to assert a claim for unjust enrichment, Wright seeks to have the loan agreements deemed void and invalid *ab initio*.  In support of this claim for relief Wright alleges that the procedural and substantive unconscionability in the agreements renders them void.  "Under Missouri law, unconscionability can be procedural, substantive or a combination of both."  Brewer v. Missouri Title Loans, Inc., 323 S.W.3d 18, 22 (Mo. 2010) (overruled on other grounds).  "There are procedural and substantive aspects to unconscionability. Procedural unconscionability relates to the formalities of the making of an agreement and encompasses, for instance, fine print clauses, high pressure sales tactics or unequal bargaining positions. Substantive unconscionability refers to undue harshness in the contract terms."  Id. (internal citation omitted).

To support his claim of unconscionability, Wright argues that the interest rate itself in the agreements is both procedurally and substantively unconscionable and he reargues that the rate violates the MMPA and usury laws.  Doc. # 25 at 3-6. The agreement's interest rate is the primary basis for Wright's substantive unconscionability argument.  The interest rate of 72% in the loan agreements,

however arguably excessive, is permitted by Missouri's usury law and the MMPA is inapplicable to the loans. As a result, the interest rate itself cannot support claim of unconscionability.

In support of his claim of procedural unconscionability Wright argues that the agreements are on pre-printed forms, the parties did not negotiate the terms, and that Oasis enjoyed superior bargaining position. He also argues that the interest rate is confusing or buried in a "maze" of fine print.

The use of a pre-printed form does not make a contract unconscionable. As acknowledged in <u>Hartland Computer Leasing Corp. v. Ins. Man, Inc.</u>,

> Some writers view any pre-printed standardized form with filled-in blank spaces to be a contract of adhesion insofar as the pre-printed provisions are concerned. Thus, in Corbin On Contracts, § 559A at 660 (Supp.1989), it is said "the bulk of contracts signed in this country, if not every major Western nation, are adhesion contracts...." Such form contracts are a natural concomitant of our mass production-mass consumer society. Therefore, a rule automatically invalidating adhesion contracts would be completely unworkable.

770 S.W.2d 525, 527 (Mo. Ct. App. 1989).

The <u>Harland</u> court held that today courts

> do not view adhesion contracts as inherently sinister and automatically unenforceable. Rather, as with all contracts, the courts seek to enforce the reasonable expectations of the parties garnered not only from the words of a standardized form imposed by its proponent, but from the totality of the circumstances surrounding the transaction. Only such provisions of the standardized form which fail to comport with such reasonable expectations and which are unexpected and unconscionably unfair are held to be unenforceable. Because standardized contracts address the mass of users, the test for "reasonable expectations" is objective, addressed to the average

member of the public who accepts such a contract, not the subjective expectations of an individual adherent.

Id. (internal citation omitted).

In the present case the reasonable expectations of the parties were met. Wright agreed to receive a loan of a sum certain and agreed to repay a sum certain on the maturity date of the loan. Both figures are prominently printed on the front of the agreement. The interest rate of the loan was clearly printed on second page of the loan under the definition of the term interest rate.[4] Nothing in the agreement was unexpected or unconsciously unfair.

Moreover, Wright was represented by counsel when he entered the agreements at issue. The same counsel represents Wright in the present case. Although Wright may have been faced with a pre-printed contract, his attorney could have advised him on the terms of the contract and whether Wright should seek funds from another source. In the Irrevocable Letter of Direction document signed by Wright and his counsel, Wright acknowledged that he read the loan agreement and fully understood all his obligations. Wright's review of the agreements and access to advice from counsel weighs heavily against his claim of unconscionability. See Leonard v. Delaware N. Companies Sport Serv., Inc., No. 4:15 CV 1356 CDP, 2016 WL 3667979, at *3 (E.D. Mo. July 11, 2016) (finding no

---

[4] Wright correctly states that the "annual percentage rate" figure was missing on page one in two of the three agreements. However, given the clear statement of the interest rate on page two and the clear statement of the total payment due at maturity, the lack of the "annual percentage rate" on page one is insufficient to support a claim of unconscionability which would void the entire agreement.

procedural unconscionability in an adhesion contract, in part, because plaintiff had "more than sufficient opportunity to consult an attorney and review the terms before signing it.") Finally, Wright's amended complaint does not allege any high pressure sales tactics by employed by Oasis, unreadable fine print in the agreements, or any misrepresentation in the agreements. See Ramirez-Leon v. GGNSC, LLC, 553 S.W.3d 318, 324 (Mo. Ct. App. 2018) ("Procedural unconscionability focuses on such things as high pressure sales tactics, unreadable fine print, or misrepresentation among other unfair issues in the contract formation process.") (internal quotation and citation omitted). As a result, Wright has failed to allege facts to establish a plausible claim that the agreements are substantively or procedurally unconscionable.

Wright's request for a constructive trust in Count IV will also be dismissed. "A constructive trust is not actually a trust, but instead is an equitable device used 'to remedy a situation where a party has been wrongfully deprived of some right, title, benefit or interest in property as a result of fraud or in violation of confidence or faith reposed in another.'" Olivier Family Interests, Ltd. v. Wright, No. 08-03075-CV-S-DW, 2014 WL 12752715, at *1 (W.D. Mo. Sept. 19, 2014) (quoting Fix v. Fix, 847 S.W.2d 762, 765 (Mo. 1993) (internal quotations omitted). Moreover, a constructive trust is not a cause of action, but rather a remedy. Id. Because Wright's amended complaint fails to state a claim for the wrongful deprivation of any right, title, benefit or interest in property based on the loan

agreements at issue, his request for this equitable remedy is moot.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Oasis Legal Finance, LLC's motion to dismiss the amended complaint for a failure to state a claim [17] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant Oasis Legal Finance, LLC's motion to strike class allegations [19] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2020.